**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WALTER W. WEIBLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-375C |
| v. | ) | |
| | ) | Judge Marion Blank Horn |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER**

Defendant, the United States, hereby answers the allegations which appear in the numbered paragraphs of plaintiff's Complaint, filed May 8, 2006. Each numbered paragraph below is a response to the corresponding numbered paragraph of the Complaint. Upon current information and belief, all allegations of the Complaint are denied except to the extent expressly admitted below.

1. With respect to paragraph 1, defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. 1498(a) over actions to recover compensation for alleged patent infringement by or for the United States. To the extent that paragraph 1 is construed to allege anything further, defendant denies the same.

2. With respect to paragraph 2, defendant admits that "W Cubed Manufacturing & Engineering" is registered to Walter W. Weibler and is a sole proprietorship. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every additional allegation contained in paragraph 2 and, therefore, denies the same.

3. Admitted.

4. With respect to paragraph 4, defendant admits that United Technologies Inc. ("UTI"), sought to acquire heat exchangers from Mr. Weibler, that plaintiff and UTI worked

together to design a heat exchanger that would meet the Navy's specifications, that Weibler's design was different from the Tranter heat exchanger, that plaintiff built prototypes of his heat exchanger, and that a substitute heat exchanger from Tranter would cost UTI $3,400 per unit without a volume discount. Defendant denies that Weibler's heat exchanger could substitute for the Tranter heat exchanger because no prototype heat exchanger delivered or designed by Weibler complied with the Navy's specifications. To the extent that paragraph 4 is construed to allege anything further, it is hereby denied.

5. With respect to paragraph 5, defendant admits that on August 16, 1996, a patent application entitled "Heat Exchanger and Method," with the listed inventor as Walter W. Weibler, was filed in the United States Patent and Trademark Office. Defendant further admits that a heat exchanger from Tranter was considered by the Navy to be a "suggested source of supply" and was an acceptable, non-infringing substitute for any other heat exchanger used by UTI. Defendant admits that heat exchanger units were delivered to the United States Navy after August 26, 1996 by UTI. Defendant further admits that a letter of August 26, 1996, was sent by Weibler to notify UTI that he considered his design a trade secret and that a patent application had been filed on August 16, 1996. Defendant is without knowledge or information to form a belief as to the subjective reasons for plaintiff filing a patent application. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every additional allegation contained in paragraph 5 and, therefore, denies the same.

6. Admitted.

7. With respect to paragraph 7, defendant admits that at some time subsequent to the issuance of plaintiff's patent the Navy was informed that Mr. Weibler believed the UTI heat

exchanger infringed the ‘247 patent’s claims. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every additional allegation contained in paragraph 7 and, therefore, denies the same.

8. With respect to paragraph 8, defendant admits that Mr. Weibler brought an action against UTI in the United States District Court for the District of Colorado under both a contract and trade secret theory, that the district court found in favor of Mr. Weibler on portions of Mr. Weibler’s trade secret claim, and that heat exchangers were supplied by UTI to the United States Navy after October 20, 1998. Plaintiff’s use of the term “Weibler Heat Exchanger” is vague and not adequately defined in the Complaint, therefore, to the extent that the first sentence of paragraph 8 is construed to allege anything further, defendant denies the same. Defendant denies, based upon the district court’s written opinion, that Mr. Weibler’s contract claim was acknowledged by UTI or that the claim was dismissed because of the Statute of Frauds; the district court’s opinion states, “As set forth in the Court’s ruling on Defendants’ motion for Judgment on Partial Findings pursuant to F.R.Civ.P. 52(c), Plaintiff failed to perform the conditions precedent to the formation of a contract. Consequently, the contract originally contemplated was never formed.” To the extent that paragraph 8 is construed to allege anything further, it is hereby denied.

9. Admitted.

10. Admitted.

11. Admitted.

12. With respect to paragraph 12, defendant denies that "confirmation of all 12 claims of the patent" occurred on October 4, 2005. Defendant admits all other allegations found in paragraph 12.

13. With respect to paragraph 13, defendant admits that on August 10, 2005, plaintiff requested reconsideration of his previously denied administrative claim. Defendant further admits that Jane Barrow communicated by telephone that she would respond to the request for reconsideration and, subsequently, orally advised plaintiff that his request had been denied. Defendant further admits that a letter officially denying the claim was sent to plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every additional allegation contained in paragraph 13 and, therefore, denies the same.

14. With respect to paragraph 14, defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 14 and, therefore, denies the same.

15. Denied.

16. With respect to paragraph 16, defendant admits that UTI created multiple drawings of each revision made to the heat exchanger, that the revisions continued through at least revision J, and that at least one drawing contains a nameplate for W-Cubed Manufacturing. Defendant denies that the modifications made to the heat exchanger design, as set forth in the revisions, were minor or derivative of the '247 patent. To the extent that plaintiff alleges that the revised drawings infringed plaintiff's patent, such allegation is hereby denied. To the extent that paragraph 16 alleges anything further, defendant is without knowledge or information sufficient

to form a belief as to the truth of each and every additional allegation contained in paragraph 16 and, therefore, denies the same

17. Denied.

18. With respect to paragraph 18, defendant admits that the Navy's responses to plaintiff's FOIA requests indicate the sale of 702 heat exchangers by UTI (many of which were not used after the patent issued). Defendant admits that the U.S. District Court determined, based on an exhibit submitted by UTI at trial, that a net total, after a deduction for 145 replacements for failed units, of 218 heat exchangers were delivered by UTI to the Navy before the issuance of the '247 patent in October 1998. Defendant admits that the district court, based on misappropriation of trade secrets, awarded a 15% royalty based on the $3400 sale price of the Tranter heat exchangers, with a resulting recovery of $510 per unit. Defendant denies that the heat exchangers were copied from Plaintiff's design, or that all the heat exchangers were purchased by or for the United States, as significant, non-infringing sales to foreign governments prior to issuance of the patent are included in the FOIA total sales figures. To the extent that paragraph 18 alleges anything further, it is hereby denied.

REGARDING PLAINTIFF'S PRAYER FOR RELIEF

19. To the extent that plaintiff's prayer for relief contains any factual allegations, defendant denies each factual allegation. Defendant denies that the United States, through its contractor UTI, has infringed any valid, asserted claim of the '247 patent, and denies that plaintiff is entitled to any of its prayers for relief.

DEFENDANT'S FURTHER ANSWER AS TO DEFENSES

20. Further answering, defendant alleges upon current information and belief that Defendant has not infringed any valid, asserted claim of the '247 patent.

21. Answering further, defendant asserts any and all defenses which are presently unknown to defendant but which, when ascertained, defendant prays leave to add to this Answer or otherwise give notice to plaintiff.

RELIEF REQUESTED BY DEFENDANT

WHEREFORE, defendant respectfully requests the following relief:

A. That the Court dismiss plaintiff's Complaint with prejudice and that the Court deny each prayer for relief sought by plaintiff.

B. That the Court adjudge that the asserted claims of the '247 patent have not been infringed by or for the United States.

C. That the Court grant defendant judgment for all its expenses, including costs and such other and further relief as the Court may deem proper.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/ Jon Tornquist
JON TORNQUIST
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 305-3075
Facsimile: (202) 307-0345
E-mail: jon.tornquist@usdoj.gov
Attorneys for the United States

August 25, 2006