**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WALTER W. WEIBLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-375C |
| v. | ) | |
| | ) | Judge Marion Blank Horn |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**STATUS REPORT**

On September 15, 2006, the Court directed the parties to file a joint status report addressing the results of an inspection by Plaintiff of United States Navy heat exchangers and any settlement discussions between the parties. On September 27, 2006, the United States made two heat exchangers available for inspection at the United States Attorney's Office in Denver, Colorado. Those attending were Plaintiff, and his attorney, and Jon Tornquist for the United States. During the meeting the parties discussed their legal and factual positions and pursued the possibility of settlement. In conformance with this Court's Order of September 15, 2006 the parties hereby submit this joint status report detailing the results of the inspection and the parties' discussions.

The Government made two heat exchangers available for inspection. One heat exchanger was intact and the other was cut open to reveal the interior structure. Both heat exchangers bore revision J serial numbers. Upon inspection it was agreed by both parties that the revision J heat exchangers appeared to conform with the revision J drawings provided by Universal Technologies, Inc. In particular, outer core plates were not present on either heat exchanger.

Mr. Tornquist argued that the outer core plates are an express limitation in the claims and

are required for patent infringement. Plaintiff agreed that the revision J heat exchangers do not contain outer core plates and, therefore, do not literally infringe any claim of Patent No. 5,823,247. However, Mr. Weibler performed a presentation to show why Plaintiff believes that the devices do infringe under the doctrine of equivalents. In particular, Mr. Weibler explained that UTI placed additional metal on each inner core plate to both thicken the sides and to create internal baffles. It is Plaintiff's contention that, despite having no outer core plates, the Revision J heat exchangers infringe the '247 patent because the thickened inner core plates, according to Plaintiff, perform the same function as a core having a set of inner core plates and a pair of outer core plates that are constructed of a thickness or material having a greater ability to resist pressure than the inner core plates. *See, e.g.,* claim 1 of Patent No. 5,823,247.

The parties also discussed the district court's finding in the trade secret trial between UTI and Water Weibler that UTI had not leak tested the heat exchanger cores. It is the Government's position that the '247 patent was not infringed because claim 1 specifically requires that the heat exchangers be "leak tested." It is Plaintiff's view that the patent only requires that the cores be "leak testable" and, despite the lack of leak testing by UTI, the '247 patent was infringed.

Mr. Weibler also noted that he contends that he is entitled to an additional royalty for those heat exchangers produced before the patent issued but that might have been used after issuance of the '247 patent by the Navy. Both parties agree that Mr. Weibler was compensated for all heat exchangers produced before the patent issued through the reasonable royalty awarded by Judge Spar in the trade secret case. The dispute is whether Mr. Weibler may potentially recover a second royalty for patent infringement on those devices already compensated for in the trade secret trial.

The parties also discussed the possibility of settlement. The parties are far apart in their proposed settlement figures. This discrepancy appears to be caused by the parties disparate views of the law and its application to the facts of this case. It does appear that the parties are in general agreement as to the operative facts of this case. Accordingly, it is unlikely that settlement will occur until at least some of the legal disputes are resolved.

After resolution of these legal matters, the parties believe that ADR involving a judge with significant patent experience would be beneficial. The parties also believe that this case may be amenable to summary judgement immediately after a Markman hearing to construe the few disputed claims in this case. As the parties believe that they can work together to stipulate to the majority of facts, this procedure is believed by the parties to be the most efficient and cost effective method of resolving this case.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

/s/ James C. Bull
James C. Bull,
Bucholtz & Bull
5575 DTC Parkway, Suite 225
Greenwood Village, CO 8077-3016
WRBoyd1@aol.com
Attorney for Plaintiff

s/ Jon Tornquist
JON TORNQUIST
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 305-3075
Facsimile: (202) 307-0345
E-mail: jon.tornquist@usdoj.gov
Attorneys for the United States

October 4, 2006